**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **John Doe, a Minor** | : | |
| | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | Case No. |
| v. | : | |
| | : | **Judge** |
| **Franklin County Children's Services** | : | |
| **855 West Mound Street** | : | |
| **Columbus, Ohio 43223** | : | |
| | : | **JURY DEMAND** |
| and | : | **ENDORSED HEREON** |
| | : | |
| **Charles M. Spinning** | : | |
| **In his Individual and Official Capacity** | : | |
| **Director** | : | |
| **855 West Mound Street** | : | |
| **Columbus, Ohio 43223** | : | |
| | : | |
| and | : | |
| | : | |
| **Atha Sanders** | : | |
| **In her Individual and Official Capacity** | : | |
| **Caseworker** | : | |
| **855 West Mound Street** | : | |
| **Columbus, Ohio 43223** | : | |
| | : | |
| and | : | |
| | : | |
| **Jane and John Doe** | : | |
| **In his/her Individual and Official Capacity** | : | |
| **FCCS Placement Team** | : | |
| **855 West Mound Street** | : | |
| **Columbus, Ohio 43223** | : | |
| | : | |

# COMPLAINT

## THE PARTIES

1. Plaintiff, John Doe, is a minor and resident of Franklin County, Ohio.

2. Defendant Franklin County Children's Services ("FCCS") is a governmental agency and located in Franklin County Ohio.

3. Defendant Charles Spinning, at all relevant times hereto, the Director of FCCS. He is being sued in his individual and official capacity.

4. Defendant Atha Sanders was, at all relevant times hereto, the assigned FCCS caseworker for John Doe. She is being sued in his individual and official capacity.

5. Defendants, Jane and John Doe, at all relevant times, were the FCCS placemenrt team or the team in charge of John Doe's placement. They are being sued the their individual and personal capacity.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction in this matter pursuant to 28 U.S.C. §1331 (federal question jurisdiction). Plaintiff's Complaint alleges violations of their federal civil rights by the defendants acting under color of state law, in violation of 42 U.S.C. §1983.

7. Venue is proper in the Southern District of Ohio, Eastern Division, because Plaintiff resides in this Judicial District and the claims alleged herein arose within this Judicial District.

## BACKGROUND INFORMATION AND FACTS

8. John Doe is a twelve year old child currently in the custody of Franklin County Children's Services ("FCCS").

9. FCCS received custody from the Franklin County Common Pleas Court based on the filing of an Abuse, Neglect and Dependency action ("AND").

10. Defendant Sanders was assigned as the FCCS caseworker for John Doe's case.

11. As part of the Court's Order, John Doe was removed from his mother's custody.

12. John Doe had no contact with his father from the time he was a baby until after the AND case was filed.

13. As part of FCCS's custody, John Doe was placed with his maternal grandmother.

14. John Doe has spent much of his life with his maternal grandmother.

15. Upon information and belief, John Doe's father has a criminal record.

16. Upon information and belief, John Doe's father has had two family members die from drug overdoses in the recent past.

17. John Doe has been enrolled in school for the 2020-2021 school year in a central Ohio school district.

18. All of John Doe's needs are being met by his current placement with his maternal grandmother and he feels safe in her care.

19. As part of the AND case, John Doe was appointed a Guardian Ad Litem ("GAL").

20. John Doe's GAL filed a report and recommendation that indicated to the Court that placement with maternal grandmother was appropriate.

21. John Doe has expressed to his wishes to remain with his grandmother to both his GAL and Defendant Sanders.

22. John Doe has expressed his fear in going to Florida to live with his father to his GAL and Defendant Sanders.

23. John Doe is concerned about living with his father and believes it is not safe for him.

24. John Doe has expressed concern about the deaths of his father's daughter and other relative from drug overdoses.

25. John Doe has expressed concern after smelling marijuana in his father's car during a visit.

26. John Doe has expressed concern about flying to Florida and staying there during the COVID-19 pandemic which is still an issue nationally and more specifically in the Tampa, Florida area, the location John Doe would live with his father.

27. John Doe is concerned that he will not be able to be in school and/or the school he has attended because he is already registered for school in Ohio.

28. John Doe is scared that after finally living in a stable house with his grandmother, that he is once agan being taken from a stable home to live in an environment that scares him.

29. Despite all of these issues with John Doe's placement, the issues with his father's home and the recommendation of the GAL, Defendant Sanders, Defendants Jane and John Doe, Defendant Spinning and Defendant FCCS has determined that John Doe is to be placed on a plane and will permanently live with his father.

**COUNT ONE:  VIOLATION OF PROCEDURAL DUE PROCESS**

30. Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs as if fully restated herein.

31. The defendants responsible for violating the due process rights of John Doe Plaintiff are: Defendants FCCS, Spinning, Sanders and John and Jane Doe.  Each of these Defendants held position of custody and authority over Plaintiff John Doe.

32. The conduct of Defendants FCCS, Spinning, Sanders and John and Jane Doe has violated Plaintiff's due process rights in various ways, including, but not limited to:

    a. Forcing him to risk his own personal health and safety in moving to Florida to live with his father.

    b. Forcing him to risk his personal health and safety by traveling to Florida in the midst of a health crisis.

    c. Ordering him to live with his father despite no court order or judicial findings on the issue of father's custody.

    d. Forcing him to risk educational issues due to the arbitrary time table set by the Defendants for him to travel to Florida.

33. The deprivation of Plaintiff's property rights without due process deprived him of rights secured by the Constitution and laws of the United States.

34. Defendants deprived Plaintiff of these rights while acting under color of law.

35. The deprivations of Plaintiff's due process rights violate 42 U.S.C. § 1983.

- 5 -

36. The actions of Defendants were malicious, willful, and wanton, were motivated by evil motive and intent, and involved reckless and callous indifference to Plaintiff's federally protected rights.

37. As a direct and proximate result of these unlawful actions, Plaintiff has and will contine to suffered emotional, educational and health related harm.

38. The violations of Plaintiff's constitutional and civil rights as described herein was the direct result of FCCS custom, practice and/or policy in that the Defendants and other FCCS supervisors and administrators were aware of, and indeed involved in, the implementation of the unconstitutional customs, policies, and practices.

39. In addition, FCCS is liable for the actions of the individual defendants that have deprived Plaintiff of his constitutional rights because the Defendants that have imposed the unconstitutional orders on Plaintiff are inadequately trained and have been led by FCCS to believe they can, with impunity, subject individual children to such orders without the due process required by the Constitution.

## COUNT TWO:  VIOLATION OF 42 U.S.C. § 1983
## FIRST AMENDMENT RETALIATION

40. Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs as if fully restated herein.

41. Plaintiff John Doe and his grandmother complained on a number of occasions about the order and the placement to Defendant Sanders.

42. Plaintiff's complaints as described above, addressed matters of public concern in the safe placement and trauma caused by Defendants.  His speech was constitutionally protected.

43. Defendants have punished Plaintiff for exercising his constitutional rights in speaking out about matters of public concern by forcing him to risk his personal safety and health after speaking out against the FCCS actions.

44. This retatliatory conduct was very disturbing to Plaintiff in that the actions of the Defendants put him at immediate perceived and actual risk, as well as long term risk.

45. Such actions were motivated by Plaintiff John Doe's exercise of his constitutional rights.  Indeed, Defendants have no legitimate justification whatsoever for these actions that would indicate any motivation other than an unlawfully retaliatory one.

46. Defendants deprived Plaintiff of these rights while acting under color of law.

47. Defendants' misconduct violates 42 U.S.C. § 1983.

48. The actions of Defendants were malicious, willful, and wanton, were motivated by evil motive and intent, and involved reckless and callous indifference to Plaintiff's federally protected rights.

**WHEREFORE**, Plaintiff under all counts of the Complaint requests the Entry of Judgment for the following relief:

    A. Award Plaintiff compensatory and punitive damages in an amount to be determined at trial;

    B. Award Plaintiff his attorneys fees and costs to prosecute this action;

    C. Enter an Order restraining the Defendants from taking further action related to John Doe's placement or custody other than that Ordered by this Court;

    D. Ordering Defendants to give custody of John Doe to maternal grandmother per the recommendation of the GAL; and

    E. Award such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Zachary Swisher
Zachary M. Swisher, Trial Attorney (0076288)
Sybert Rhoad Lackey and Swisher LLC
153 South Liberty Street
Powell, Ohio 43065
(614) 785-1811
(614) 785-1069 (Facsimile)
zach@law153group.com

Attorney for Plaintiff John Doe

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable under law.

/s/ Zachary M. Swisher
Zachary M. Swisher