# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **John Doe, a Minor** | : | |
| | : | |
| **Plaintiffs,** | : | Case No. |
| v. | : | |
| | : | Judge |
| **Franklin County Children's Services** | : | |
| 855 West Mound Street | : | |
| Columbus, Ohio 43223 | : | |
| | : | **HEARING REQUESTED** |
| and | : | |
| | : | |
| **Charles M. Spinning** | : | |
| **In his Individual and Official Capacity** | : | |
| **Director** | : | |
| 855 West Mound Street | : | |
| Columbus, Ohio 43223 | : | |
| | : | |
| and | : | |
| | : | |
| **Atha Sanders** | : | |
| **In her Individual and Official Capacity** | : | |
| **Caseworker** | : | |
| 855 West Mound Street | : | |
| Columbus, Ohio 43223 | : | |
| | : | |
| and | : | |
| | : | |
| **Jane and John Doe** | : | |
| **In his/her Individual and Official Capacity** | : | |
| **FCCS Placement Team** | : | |
| 855 West Mound Street | : | |
| Columbus, Ohio 43223 | : | |
| | : | |

## PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and Local Rule 65.1(a),

1

Plaintiff hereby applies to this Court for a temporary restraining order ("TRO") with other equitable relief.  In support of this Motion, Plaintiff states as follows:

1. Plaintiff brings this action to halt Defendants' current ongoing violation of his constitutional right;

2. Defendants are currently violating Plaintiff's constitutional rights as of the date of this Motion;

3. Plaintiff therefore seek a TRO to:

    a. Temporarily restrain the Defendants from further violation and to maintain the placement status quo;

    b. Temporarily restrain the Defendants from taking any further action as to placement of custody.

4. A Memorandum in Support and proposed TRO are attached.

WHEREFORE, Plaintiff respectfully requests that this Court grant this Motion by entering the proposed TRO.

Respectfully submitted,

/s/ Zachary M. Swisher

Zachary M. Swisher (0076288), Trial Attorney
Sybert Rhoad Lackey and Swisher LLC
153 South Liberty Street
Powell, Ohio 43065
Telephone: (614) 785-1811
Facsimile: (614) 785-1069
zach@law153group.co

*Attorneys for Plaintiff*

# MEMORANDUM IN SUPPORT

## I.    FACTS

Plaintiff John Doe is a juvenile and is twelve years old. He will turn thirteen on August 16. The Franklin County Domestic Relations Court adjudicated John Doe as an abused, neglected and dependent child. As part of that finding, the Franklin County Court gave temporary custody to Franklin County Children's Services ("FCCS"). As part of that custody order, FCCS placed John Doe with his maternal grandmother, who John Doe has lived with at various times in his life. This was due to ongoing issues with John Doe's mother as well as the lack of any contact with John Doe's father. At the outset of the Franklin County Court custody case, the whereabouts of John Doe's father was listed by John Doe's guardian ad litem as "unknown".

John Doe has lived with his grandmother full time over the past year. He is doing very well, is thriving, has all his needs met, is enrolled in school and is in a safe environment. Despite this beneficial and healthy living situation, FCCS has unilaterally determined to uproot John Doe from his current placement and order that John Doe be placed on a plane to live with his father who he has only met twice over the past year and who was not in his life at all for the ten plus years previously.

John Doe has been told by both his mother and father that his father's daughter died of a drug overdose in Florida and that another one of father's relatives also died of a drug overdose. John Doe also told FCCS that he smelled marijuana in his father's car during his last visit. John Doe is enrolled in school in Ohio and is prepared and excited about starting a new school year. According to John Doe he has been doing much better in school while placed with his grandmother.

John Doe is scared. He is scared to go to Florida during a pandemic. He is scared to live with his father whom he barely knows. He is scared to live in a house or environment where people have died from drugs. These are not unfounded fears. These are not just the fears of a twelve-year old boy who likes living with grandma. These are the fears based on real information, events and the state of our world. The Defendants refuse to listen to these fears and give them the weight they deserve. The Defendants appear stuck in a template for placing children that may place a child at risk despite a current productive, supportive and safe placement.

## II. **STANDARD OF REVIEW**

In determining whether to grant a preliminary injunction or temporary restraining order, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction. A preliminary injunction or TRO is an extraordinary remedy, "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Id.; Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). The level of proof required for the Plaintiff to obtain a preliminary injunction or TRO "is much more stringent than the proof required to survive a summary judgment motion." *Id.*

## III. DISCUSSION AND ARGUMENT

### a. Plaintiff has a strong likelihood of success on the merits.

Defendants have taken arbitrary action that is putting Plaintiff at direct risk without any court order or allowing Plaintiff's opinion to be considered. The Defendants have forced Plaintiff to risk personal safety and health as well as his education to satisfy the placement model and the ordinary business of Defendants. The facts are not in dispute. Defendants have taken this action and will continue to take this action unless this Court orders otherwise.

### b. Plaintiff will suffer irreparable harm if the TRO is not issued.

Plaintiff has already been harmed by Defendants refusal to consider his health and well-being. The knowledge that he is to be removed from the current healthy and safe environment has caused emotional and mental stress and ongoing fears about his placement, life, health and schooling. Defendants have been asked to reconsider the placement and/or to allow more time to determine if the placement is appropriate and to try and alleviate John Doe's fears but they have refused. If there ever was a case of the possibility of suffering irreparable harm, this is the case.

John Doe has had a number of challenges in his life due to the living environment he endured while with his mother. He finally has a safe place to live with his grandmother and for unknown and arbitrary reasons the Defendants are determined to take him out of this safe environment and place John Doe in an environment that John Doe fears, and fears for good reason. This time in his life is important from numerous developmental aspects. The mission of Defendants is the protection of children and it is unclear how the treatment of John Doe by Defendants has satisfied that mission.

c. **The issuance of a TRO would not cause harm to other.**

There would be no harm to any other person or party if this Court grants the requested TRO. The current placement is in place and is beneficial to John Doe. He is safe and he is enrolled in school. The only person that would be affected by the TRO is John Doe's father who has chosen to not be in his life for ten years. There is no harm from the TRO on the protection of John Doe and his rights and safety.

d. **The public interest is served by granting the TRO.**

It is in the public interest that our legal system protects its citizens, both adult and children. It is imperative that governmental agencies are not able to arbitrarily make orders that are not in the best interest of the very wards they are charged with protecting. John Doe is fortunate that he has a grandmother who can care for him and a safe place to live whereas many wards of Defendant FCCS do not.

e. **Plaintiffs would request that the TRO by issued without bond.**

Plaintiff would request that the TRO be issue without bond. Plaintiff has no job or money and the current TRO request would have no financial impact on any of the Defendants.

IV. **CONCLUSION**

The Plaintiff requests the following injunctive relief.

    a. The Court will order that no further action be taken as to the placement of John Doe and no change is made as to the placement of John Doe.

    b. The Court Order that custody of John Doe be removed from Defendant FCCS and placed with maternal grandmother.

    c. The Court will order that a mental health and psychological assessment be conducted of Plaintiff John Doe by a licensed child psychologist or similar

health care professional.

Undersigned counsel hereby certifies that on August 11, 2020 a true and accurate copy of this Application for Temporary Restraining Order along with a true and accurate copy of the Complaint were emailed to the Franklin County Prosecutor's Office as counsel for Defendants. Counsel believes in good faith this is a reasonable and effective manner to serve Defendants pursuant to F.R.C.P. 65.

Respectfully submitted,

/s/ Zachary M. Swisher
Zachary M. Swisher (0076288), Trial Attorney
Sybert Rhoad Lackey and Swisher LLC
153 South Liberty Street
Powell, Ohio 43065
Telephone: (614) 785-1811
Facsimile: (614) 785-1069
zach@law153group.co

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies *that Plaintiffs' Application for a Temporary Restraining Order* was filed via the ECF filing system on August 12, 2020 and served upon Defendants' counsel Nick Soulas of the Franklin County Prosecutor's Office, who has agreed to accept service on behalf of the Defendants, via electronic mail.

/s/ Zachary M. Swisher

Zachary M. Swisher (0076288)