IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, a minor, : | |
| : | Case No. 2:20-CV-4119 |
| Plaintiff, : | |
| : | Chief Judge Algenon L. Marbley |
| v. : | |
| : | Chief Magistrate Judge Deavers |
| FRANKLIN COUNTY CHILDREN'S : | |
| SERVICES, *et al.*, : | |
| : | |
| Defendants. : | |

## **OPINION & ORDER**

This matter is before the Court on Plaintiff John Doe's Motion for a Temporary Restraining Order ("TRO"). (ECF No. 2). For the reasons set forth below, Plaintiff's Motion for a TRO is **GRANTED.**

### I. BACKGROUND

Plaintiff John Doe is a twelve-year-old child in the custody of Franklin County Children's Services ("FCCS"). (ECF No. 1 at ¶ 8). Doe was removed from his mother's custody as part of an Abuse, Neglect and Dependency ("AND") action initiated in the Franklin County Court of Commons Pleas, which issued an order removing Doe from his mother's custody and placing Doe in the custody of FCCS. (*Id.* at ¶¶ 9, 11). FCCS initially placed Doe with his maternal grandmother, who Doe has had a relationship with for much of his life and who also lives in central Ohio. (*Id.* at ¶ 13, 14). Doe has been living full-time with his maternal grandmother for approximately one year and is enrolled in a central Ohio school district for the 2020-2021 school year. (*Id.* at ¶ 17; ECF No. 2 at 3). As part of the AND case, Doe was appointed a Guardian Ad Litem, who filed a report and recommendation indicating placement with his grandmother was appropriate. (ECF No. 1 at ¶¶ 19, 20).

1

Plaintiff alleges Defendants have now determined Doe is to be placed on a plane to live permanently with his father in Florida, for reasons unknown to him, with whom, as best he can recall, he has not had a relationship for his entire life. (*Id.* at ¶ 29; Doe Decl. ECF No. 3 at ¶¶ 6, 16). The Parties indicated at the 65.1 Conference that Doe is scheduled to be sent to Florida on August 13, 2020. Doe maintains he has had no contact with his father from the time he has a baby until after the AND case was filed. (ECF No. 1 at ¶ 12). Defendants represented at the 65.1 Conference that their records indicate Doe had had no contact with his father for at least seven years. Since the AND hearing, they represented that Doe has had two in-person visits with his father in Florida. Doe alleges that his father has a criminal record and has two family members who died from drug overdoses. (*Id.* at ¶¶ 15, 16). He has expressed fear of his safety if made to live with his father, as well as fear of traveling to Florida at this time during the COVID-19 pandemic, and wishes to remain with his grandmother. (*Id.* at ¶¶ 20, 23).

Doe filed his Complaint and Motion for a Temporary Restraining Order on August 12, 2020. (ECF Nos. 1, 2). In his Complaint, he brings procedural due process and first amendment retaliation claims. (ECF No. 1). In his Motion for a TRO, he asks this Court to order Defendants not to make changes to his living situation while the litigation continues. (ECF No. 2). This Court held a Rule 65.1 Conference at 3:30 P.M. on August 12, 2020, and orally **GRANTED** Plaintiff's Motion. The reasons for this Court's opinion are set forth below.

## II. STANDARD OF REVIEW

A Temporary Restraining Order ("TRO") is an emergency measure. *See McGirr v. Rehme*, Case No. 16-464, 2017 U.S. Dist. LEXIS 61151, at *10 (S.D. Ohio Apr. 21, 2017). Federal Rule of Civil Procedure 65(b) requires a Court to examine, on application for a temporary restraining order, whether "specific facts in an affidavit or a verified complaint clearly show that immediate

and irreparable injury, loss, or damage will result to the movant." Fed. R. Civ. P. 65(b)(1)(A). A temporary restraining order is meant "to prevent immediate and irreparable harm to the complaining party during the period necessary to conduct a hearing on a preliminary injunction." *Dow Chemical Co. v. Blum*, 469 F. Supp. 892, 901 (E.D. Mich. 1979).

To obtain temporary injunctive relief, it is of paramount importance that the party establish immediacy and irreparability of injury. *See, e.g., Women's Med. Prof'l Corp. v. Baird*, No. 03-CV-162, 2008 WL 545015, at *1–2 (S.D. Ohio Feb. 27, 2008) (focusing on the irreparability and immediacy of harm before ruling on motion for TRO). While a court is permitted to consider the four factors required for issuance of a preliminary injunction, immediacy and irreparability of harm are threshold considerations and "all that is required" for a TRO. *ApplianceSmart, Inc. v. DeMatteo*, 2018 WL 6727094, at *2 (S.D. Ohio Dec. 21, 2018). The "burden of proving that the circumstances 'clearly demand' such an extraordinary remedy is a heavy one" since "[t]he party seeking the injunction must establish its case by clear and convincing evidence.'" *Marshall v. Ohio Univ.*, No. 2:15-CV-775, 2015 WL 1179955, at *4 (S.D. Ohio Mar. 13, 2015) (citing *Overstreet v. Lexington–Fayette UrbanCnty. Gov't,* 305 F.3d 566, 573 (6th Cir. 2002)); *Honeywell, Inc. v. Brewer–Garrett Co.,* 145 F.3d 1331 (6th Cir. 1998)). "A temporary restraining order is an extraordinary remedy whose purpose is to preserve the status quo." *Id.* at *4 (citing *Proctor & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219, 226 (6th Cir. 1996)).

### III.  ANALYSIS

#### A.  Immediacy of Harm

The Court first considers the immediacy of the harm Plaintiff will face absent a TRO. Fed. R. Civ. P. 65 (b)(1)(A). Plaintiff alleges Defendants have determined he is to be sent on a plane from Ohio, where he is currently residing with his maternal grandmother, to Florida to live with

3

his father. (ECF No. 1 at ¶¶ 12, 29). Doe testified in his declaration, and Defendants acknowledged at the conference on August 12, that Doe was scheduled to fly to Florida on August 13. (Doe Decl. ECF No. 3 at ¶ 5). Plaintiff alleges several harms stemming from Defendants' attempt to change his home placement, including his fears regarding his wellbeing living with his father, concerns for his health and safety traveling to Florida during the height of the COVID-19 pandemic, and the disruption to the stability of his life and educational plans by removing him from his grandmother's care. (*Id.* at ¶¶ 20, 23, 32).

The Court finds the harms resulting from this change in Doe's placement would be immediate. Uprooting Doe's life to live with a father he barely knows in a different state would pose an immediate disruption to his life. He has lived in central Ohio for the majority of his life and has lived with either his mother or his maternal grandmother for the entirety of his life. Removing Doe from his community, home state, and only family he has had a continuous relationship with would impose immediate harm. Furthermore, Doe's counsel indicated at the hearing that Doe is scheduled to begin school in Ohio in a couple of weeks. Removing him from his current environment, which he maintains is safe and stable and where he wishes to remain, to live with a father he has not had a relationship for the majority of his life in a different state would be immediately disruptive to his start to the school year. This disruption and stress would have an immediate impact on Doe's ability to focus on his education. Finally, Plaintiff is concerned about traveling to and living in Florida during the COVID-19 pandemic. The Court finds that placing Doe on a plane to Florida, one of the current hotspots for the virus,[1] would pose an immediate risk to his health and safety by creating an unnecessary possibility of exposure to the virus.

---

[1] *Florida Coronavirus Map and Case Count*, last accessed August 12, 2020 at 8:00 p.m.
https://www.nytimes.com/interactive/2020/us/florida-coronavirus-cases.html

**B. Irreparability of Injury**

The second factor the Court must consider in determining whether to grant a TRO is the irreparability of harm that Plaintiff will face absent injunctive relief. Fed. R. Civ. P. 65 (b)(1)(A). Plaintiff argues that removing him from his current safe and stable environment with his grandmother to live with a father he has had no relationship with for the majority of his life in an environment he fears will cause irreparable harm to his wellbeing. (ECF No. 2 at 5).

The Court finds Plaintiff has demonstrated he would face irreparable harm absent a TRO. Doe submitted a declaration testifying that he is afraid to live with his father in Florida because of his father's criminal history and knowledge that his father's daughter died from a drug overdose. (Doe Decl. ECF No. 3 at ¶¶ 7, 8). He also expressed concerns for his health traveling to and living in Florida given the COVID-19 pandemic. (*Id.* at ¶ 10). He is worried about changing his schooling plans, as well as disrupting his current living situation as a whole, where he maintains he has been stable, safe, and provided for by his grandmother. (*Id.* at ¶¶ 12, 13). Defendants' primary argument at the hearing was that FCCS followed the appropriate protocols in approving Doe's placement with his father and that the matter should be handled through the state agency. Courts have issued temporary restraining orders where the movant has demonstrated serious harm to their health or wellbeing absent injunctive relief and where the harm to defendants in maintaining the status quo is de minimis. *See Women's Med. Prof'l Corp. v. Baird*, No. 03-CV-162, 2008 WL 545015, at *2 (S.D. Ohio Feb. 27, 2008) (granting TRO enjoining enforcement of administrative ruling that would revoke abortion clinic's license to operate). *See also, e.g., Sellers v. Univ. of Rio Grande*, 838 F. Supp. 2d 677, 688 (S.D. Ohio 2012) (granting TRO to prevent plaintiff's dismissal from nursing program, finding irreparable harm would result from denying her the ability to complete

her education); *Doe v. Barron*, 92 F. Supp. 2d 694, 696 (S.D. Ohio 1999) (granting TRO finding plaintiff would be irreparably harmed by prison official's further delay of her abortion procedure).

The Court concludes Plaintiff has sufficiently demonstrated the immediacy of harm and irreparability of injury he would face absent the issuance of a TRO. The Court finds that the issuance of a TRO to maintain the status quo is justified to prevent the immediate and irreparable disruption to Doe's stable and desired living situation while the Parties proceed with discovery and brief the preliminary injunction.

## IV. CONCLUSION

For these reasons stated above, the Court **GRANTS** Plaintiff's Motion for a Temporary Restraining Order without bond. (ECF No. 2). Defendants are hereby **ORDERED** to make no changes to Doe's placement while the TRO remains in effect and the parties litigate the preliminary injunction.

The Preliminary Injunction hearing will be held on **August 27, 2020 at 9:30 a.m.** before the Honorable Algenon L. Marbley. The Court will provide further instructions closer to the time of the hearing regarding the procedures and instructions for participating in the hearing by videoconference. The Court will not continue the hearing date except upon written motion supported by an affidavit demonstrating exceptional circumstances, made immediately upon the party's or counsel's receipt of notice of the existence of the exceptional circumstances.

This Court directs the Parties to file their briefs by close of business on August 19, 2020. Both Parties are entitled to file replies, due by close of business on August 24, 2020. The Parties should discuss the four factors for issuance of a preliminary injunction in their briefs: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether issuance of the injunction would cause

substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction. The Parties should also address the question of this Court's jurisdiction under the *Younger* abstention and *Rooker-Feldman* doctrines, which Defendants raised at the 65.1 Conference.

The Court shall handle all discovery disputes for the purposes of the Preliminary Injunction briefing. The parties, or a party, may move to consolidate the Preliminary Injunction hearing with trial on the merits. This motion should be brought prior to August 24, 2020, or it will be considered waived. The Court directs the parties to reach an agreement on an expedited discovery schedule. This Court further orders Defendant FCCS to provide Plaintiff with discovery that includes confidential case information.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATE:  August 13, 2020**