IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, a minor, : | |
| : | Case No. 2:20-CV-4119 |
| Plaintiff, : | |
| : | Chief Judge Algenon L. Marbley |
| v. : | |
| : | Chief Magistrate Judge Deavers |
| FRANKLIN COUNTY CHILDREN'S : | |
| SERVICES, *et al.*, : | |
| : | |
| Defendants. : | |

**OPINION & ORDER**

This matter is before this Court on Defendants' Motion to Stay the District Court's Grant of Preliminary Injunction Pending Appeal (ECF No. 34).[1] For the reasons set forth below, this Court **DENIES** Defendants' Motion to Stay the District Court's Grant of Preliminary Injunction Pending Appeal.

**I.    BACKGROUND**

This case centers on the placement of Plaintiff John Doe, a thirteen-year-old child in the custody of Franklin County Children's Services ("FCCS"). (ECF No. 1 at ¶ 8; ECF No. 16 at 4). On August 12, 2020, Doe filed a Complaint and Motion for a Temporary Restraining Order ("TRO") concerning FCCS's decision to place him on a plane to live with his father in Florida, with whom he has not had a relationship for his entire life. (ECF Nos. 1, 2). In his Complaint, he brings procedural due process and First Amendment retaliation claims. (*Id.*). In his Motion for a TRO, he asked this Court to order Defendants not to make changes to his living situation while the litigation continues. (ECF No. 2). This Court held a Rule 65.1 Conference on August 12, 2020 and

---

[1] Because Defendants' Motion is time-sensitive, this Court has determined it is appropriate to issue an expedited ruling without receiving a Response from Plaintiff within 21 days, as is contemplated by Local Rule 7.2.

granted Plaintiff's Motion for a TRO. (ECF No. 3). The Parties submitted simultaneous briefing on the Preliminary Injunction Motion on August 19, 2020. (ECF Nos. 15, 16). This Court held a hearing on the Plaintiff's Preliminary Injunction Motion on September 14, 2020. On September 16, 2020, this Court issued its Opinion and Order granting the Plaintiff's Motion for a Preliminary Injunction. (ECF No. 32). The Opinion and Order restrains FCCS from modifying John Doe's placement to place him with his father in Florida and preserves the status quo while litigation proceeds on Doe's constitutional claims. (*Id.*). One day after the Opinion and Order granting the Preliminary Injunction, Defendants filed a Notice of Appeal to the Sixth Circuit. (ECF No. 33). Defendants subsequently filed a Motion to Stay the District Court's Grant of Preliminary Injunction Pending Appeal. (ECF No. 34).

## II.     LAW AND ANALYSIS

As a general rule, a district court loses and the appellate court assumes jurisdiction over an action once a party files a timely notice of appeal. In *Fort Gratiot Sanitary Landfill, Inc. v. Michigan Department of Natural Resources*, 71 F.3d 1197 (6th Cir. 1995), the Sixth Circuit found it to be "settled law" that the filing of a notice of appeal "divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal." 71 F.3d at 1203. This rule applies "unless that appeal is untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court." *Rucker v. U.S. Dep't of Labor*, 798 F.2d 891, 892 (6th Cir. 1986).

In this case, Defendant filed a notice of appeal one day after this Court issued its sealed Opinion and Order granting the Plaintiff's Motion for Preliminary Injunction, and well within the thirty-day time limit for an appeal. That Opinion and Order is also a properly appealable interlocutory order under 28 U.S.C. § 1292(a). Finally, Defendants' appeal does not raise only

issues previously ruled upon in this case by the appellate court. Accordingly, none of the exceptions necessary for this Court to retain jurisdiction after the appeal's filing is applicable.

At their cores, the Defendants' Motion to Stay and the subject of their appeal to the Sixth Circuit are the same. In considering a motion to stay a preliminary injunction pending appeal, this Court would need to consider the same four factors its already considered when making its September 16, 2020 decision to issue the preliminary injunction: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Coal. to Defend Affirmative Action v. Granholm,* 473 F.3d 237, 244 (6th Cir. 2006) (citing *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). The Sixth Circuit Court of Appeals will consider these same factors when it makes a decision on Defendants' pending appeal. In asking this Court to re-consider those factors in their Motion to Stay the District Court's Grant of Preliminary Injunction Pending Appeal, Defendants are asking this Court to answer the very questions that Defendants divested it of jurisdiction to consider when they filed the notice of appeal. Further, this case does not fall within any of the exceptions carved out by *Rucker*. *See* 798 F.2d at 892. Accordingly, under *Fort Gratiot*, this Court finds that Defendants' appeal divests it of jurisdiction to rule on their Motion to Stay the District Court's Grant of Preliminary Injunction Pending Appeal.

### III.     CONCLUSION

For these reasons stated above, this Court **DENIES** Defendants' Motion to Stay the District Court's Grant of Preliminary Injunction Pending Appeal (ECF No. 34).

**IT IS SO ORDERED.**

                                                                                                **ALGENON L. MARBLEY**
                                                                                                **CHIEF UNITED STATES DISTRICT JUDGE**

**DATE: September 22, 2020**