**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: September 30, 2020

Ms. Amy L. Hiers
Prosecuting Attorney's Office
for the County of Franklin
373 S. High Street
13th Floor
614-5253910
Columbus, OH 43215

Mr. Nick A. Soulas Jr.
Prosecuting Attorney's Office
for the County of Franklin
373 S. High Street
13th Floor
Columbus, OH 43215

Mr. Zachary Michael Swisher
Sybert, Rhoad, Lackey & Swisher
153 S. Liberty Street
Powell, OH 43065

Re:  Case No. 20-3983, *John Doe v. Franklin Cnty Children Serv, et al*
     Originating Case No. : 2:20-cv-04119

Dear Counsel:

  The Court issued the enclosed Order today in this case.

                              Sincerely yours,

                              s/Amy E. Gigliotti on behalf of Julie A. Connor
                              Case Manager
                              Direct Dial No. 513-564-7012

cc:  Mr. Richard W. Nagel

Enclosure

No. 20-3983

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 30, 2020
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
|    Plaintiff-Appellee, ) | |
| ) | |
| v.  ) | O R D E R |
| ) | |
| FRANKLIN COUNTY CHILDREN SERVICES; ) | |
| CHARLES SPINNING, Director; ATHA ) | |
| SANDERS, ) | |
| ) | |
|    Defendants-Appellants, ) | |
| ) | |
| JOHN/JANE DOE, ) | |
| ) | |
|    Defendant. ) | |

Before:  STRANCH, THAPAR, and READLER, Circuit Judges.

John Doe is a thirteen-year-old boy in the temporary custody of Franklin County Children Services. He had been living with his mother in Ohio, but Children Services suspected that he was being abused or neglected. So Children Services filed a case in Ohio state court to have Doe removed from his mother's home. The court ordered Doe removed, and it is now presiding over the resulting custody dispute. During the proceedings, the state court gave Children Services custody of Doe. Children Services then placed Doe with his maternal grandmother in Ohio, and Doe would like to remain there. But Child Services decided to place Doe with his father in Florida after Florida officials determined that the father could provide Doe with a suitable home.

No. 20-3983
-2-

When Child Services made the decision to transfer Doe to his father's custody, Doe sued them in federal court. He alleges that Children Services denied him due process by making this placement decision without giving him an opportunity to be heard. The district court granted Doe a preliminary injunction preventing Children Services from moving him to Florida. Children Services appealed and moved to stay the injunction pending the appeal. In this order, we consider only the motion to stay the injunction.

One of the four factors we consider when deciding a motion to stay is whether the applicant has "made a strong showing that it is likely to succeed on the merits." *Nken v. Holder*, 556 U.S. 418, 426 (2009). Children Services offers three arguments to establish its likelihood of success on appeal: (1) the district court should have abstained under *Younger v. Harris*, 401 U.S. 37 (1971), (2) the district court should have abstained under the *Rooker-Feldman* doctrine, and (3) the district court should not have granted the injunction because Doe cannot prevail on his procedural due process claim. We address them in turn.

First, only three categories of cases call for *Younger* abstention: ongoing state criminal prosecutions, state proceedings that are "akin to criminal prosecution," and civil proceedings "involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73, 78 (2013). Children Services has never argued that any of these three categories apply to this case.

In any event, only the second category could plausibly describe the underlying state court proceeding. Children Services filed the case to remove Doe from a potentially abusive home, and "the temporary removal of a child in a child-abuse context is . . . in aid of and closely related to criminal statutes." *Moore v. Sims*, 442 U.S. 415, 423 (1979) (cleaned up); *see also Sprint*, 571 U.S. at 77–79. But removal proceedings are not at all "akin to criminal prosecution" as far as the

*child* is concerned.  And here, it is the child who has filed the federal lawsuit.  That difference matters, because the Court has described proceedings in this second category as those that are "characteristically initiated to sanction the federal plaintiff."  *Sprint*, 571 U.S. at 79.  That does not describe this case, where the federal plaintiff is not an abusive parent, but a child.  In the absence of full and thorough briefing, we will not broadly construe the *Younger* categories to apply to this different situation—especially given the Court's instruction that *Younger* "extends to the three 'exceptional circumstances' [it has identified], but no further."  *Id.* at 82.

Second, the *Rooker-Feldman* doctrine does not apply to Doe's case.  That doctrine "merely recognizes" that federal district courts lack jurisdiction to review state court judgments, and it has "no application to judicial review of executive action, including determinations made by a state administrative agency."  *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002).  Doe is not challenging a state court judgment; he is challenging the decision of Children Services, an agency of Franklin County, Ohio.  There is thus no *Rooker-Feldman* bar to his suit.

Children Services' third and final merits argument is that Doe is unlikely to prevail on his due process claim, so the district court erred in granting an injunction even if the case was properly before it.  But in a motion to stay, our task is to evaluate Children Services' likelihood of success in appealing the injunction—that is not the same as Doe's likelihood of success on his due process claim.  Doe's likelihood of success is but one of four factors that the district court considers when granting an injunction, and on appeal we review the court's overall consideration of the factors for abuse of discretion.  *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014).  Doe's claim to a due process violation is not completely implausible, and the other factors seem to weigh strongly in his favor:  Irreparable harm can come from uprooting a thirteen-year-old boy from his home state and sending him to live in an unfamiliar state with a parent he's only

No. 20-3983
-4-

recently come to know.  (Not to mention enrolling him in a new school—with new classmates and different pandemic protocols—in the middle of the semester.)  And the harm to others is comparatively low—the father has an interest in living with his child, but a temporary preservation of the status quo is less harmful to him than the destabilization would be to Doe.  Finally, any public interest in moving Doe to Florida under these circumstances is also low.  Thus, Children Services has not made a strong showing that the district court abused its discretion when it balanced these factors and ultimately granted the injunction.

Children Services' three merits arguments—whether considered alone or together—do not amount to a strong showing of likely success on appeal.  And the balance of harms again weighs in Doe's favor:  staying the injunction might cause Doe to be moved to Florida now and then shuffled back to Ohio once the appeal is decided.  Any monetary and bureaucratic costs that Children Services will face are far less severe in comparison.  Thus, we decline to exercise our discretion to stay the injunction.

We emphasize that this decision is limited to the unusual procedural nature of this case.  The states' interest in resolving child-custody disputes is exceptionally strong, and federal court involvement in custody proceedings will almost always be inappropriate.  Although we decline to stay the injunction in this case, we caution all district courts against entangling themselves in this area of traditional state concern.

The motion to stay the district court's preliminary injunction is **DENIED**.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk