IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| John Doe, a minor<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Franklin County Children's Services, *et al.,*<br><br>　　　　　Defendants. | Case No. 2:20-cv-4119<br><br>Chief Judge Marbley<br><br>Chief Magistrate Judge Deavers |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR INTERIM AWARD OF ATTORNEY FEES (ECF. # 53)**

Now come Defendants, by and through undersigned counsel, and respectfully request that this Court deny Plaintiff's Motion for Interim Award of Attorney Fees (ECF. # 53) because Plaintiff has not established himself as the prevailing party. The basis for Defendants' request is described fully, below.

**INTRODUCTION**

Plaintiff, a minor child, filed his Complaint on August 12, 2020, asserting claims under 42 U.S.C § 1983 for violations of his Procedural Due Process and First Amendment rights. *Complaint*, ECF. # 1. Attorney Zachary Swisher filed the Complaint for Plaintiff. *Id.* Both claims relate to the alleged intention of Defendant Franklin County Children Services (FCCS), who was given temporary legal custody of Plaintiff by Order of an Ohio state Court, to temporarily place Plaintiff with his biological father in Florida pending final custody determination to be made by the state Court. See generally, Complaint, ECF #1; Amended *Complaint*, ECF # 31. Plaintiff also filed a Request for a Temporary Restraining Order on the date he filed his original Complaint.

1

*Request for Temporary Restraining Order*, ECF #2. The Court, after a Civ R. 65.1 conference held on August 12, 2020, granted the TRO to preserve the status quo of Plaintiff residing with his maternal grandmother in Ohio pending further litigation and briefing on the preliminary injunction. *Opinion and Order*, ECF #6, PAGEID 27.

The parties then submitted simultaneous briefing and responses to briefs on the issue of a preliminary injunction on August 24, 2020 and September 10, 2020, respectively. See ECF # 15; 16; 27; 28. After a hearing conducted on September 14, 2020, the Court granted Plaintiff's request for a preliminary injunction. *Opinion and Order*, ECF # 32. In doing so, the Court first addressed Defendants' jurisdictional arguments regarding the *Rocker-Feldman* Doctrine and *Younger* Abstention, finding they did not preclude review. *Id.* at 4-6. Next, the Court addressed the traditional four factor balancing test: likelihood of success on the merits, irreparable injury to the movant, harm to others, and the public's interest. *Id.* at 3-4. (citing *Ne. Ohio Coal. for the Homeless v. Husted*, 696 F.3d 580, 59091 (6th Cir. 2012)). The Court highlighted that the four factors are "to be balanced, not prerequisites that must be met." EFC # 32 at 3-4. (citing *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007)).

The Court found that Plaintiff had not demonstrated a likelihood of succuss on the merits for his First Amendment claim. *Opinion and Order*, EFC # 32, at 6-7. Regarding his Procedural Due Process claim, the Court, employing *Mathews* balancing, found that "Plaintiff has sufficiently demonstrated that there is a likelihood that Doe *can* prevail on the merits of his procedural due process claim were litigation allowed to proceed." *Id.*, at 10.  (emphasis added). Regarding harm to the Plaintiff, the Court noted that "[c]ourts have granted preliminary injunctions where the movant has demonstrated serious harm to their health or wellbeing absent injunctive relief and where the harm to defendants in maintaining the status quo is de minimis," with schooling, travel,

and pandemic concerns, Plaintiff had demonstrated irreparable harm. *Id.* at 14. The Court further noted that it found "the issuance of a preliminary injunction *to maintain the status quo* is justified to prevent the immediate and irreparable disruption to Doe's stable and desired living situation while the litigation continues." *Id.* at 10-11 (emphasis added). Finally, the Court found that there would be no harm to third parties, and that the public's interest favors "preserving the status quo." *Id.* at 16.

Thus, the Court concluded that the latter three factors all weighed strongly in favor of Plaintiff in light of the facts of the case, including that Plaintiff had begun school in Ohio, that Plaintiff had been living with his grandmother for at least a year, had always lived in Ohio, and that Florida was a current hotspot for the COVID-19 virus, posing an additional immediate risk to Plaintiff's health and safety. *Id*. at 13. The Court found no potential harm to others (ECF # 32 at 15) and with respect to the factors Irreparability of Harm and Public Interest, the Court specifically concluded that both favored the maintenance of the status quo. *Id.* at 10, 16. It is clear that Plaintiff's likelihood of success on the merits, which the Court concluded were merely "sufficient," was not the driving force behind concluding that the balance of all four factors favored issuance of the preliminary injunction.

Defendants filed a notice of appeal of that injunction, and moved for a stay pending appeal at the Sixth Circuit. (EFC # 33); *Doe v. Franklin Cty. Children Servs.*, No. 20-3983, 2020 U.S. App. LEXIS 31163 (6th Cir. Sep. 30, 2020).[1] The legal standard on the motion for a stay pending appeal was the reverse of this Court's analysis of the need for a preliminary injunction; instead of considering Plaintiff's likelihood of success on his Constitutional claims, the Sixth Circuit considered Defendants' likelihood of success on appeal of the injunction (*i.e.* the four factor test).

---

[1] Defendants also moved for a stay in this Court, which was denied for lack of jurisdiction. (EFC # 34, 36)

See *Doe v. Franklin County Children Services*, at p. 3; ECF # 38, PAGEID 1379.  In considering the merits of the procedural due process claim, the court said, "our task is to evaluate Children Services' likelihood of success in appealing the injunction—that is not the same as Doe's likelihood of success on his due process claim," and that "Doe's claim to a due process violation is not completely implausible, and the other factors seem to weigh strongly in his favor." *Id*., at PAGE ID 1379.  The Court limited its conclusion to the unusual procedural posture of the case, further articulating "The states' interest in resolving child-custody disputes is exceptionally strong, and federal court involvement in custody proceedings will almost always be inappropriate, Although we decline to stay the injunction in this case, we caution all district courts against entangling themselves in this area of traditional state concern." *Id.* at PAGEID 1380.  Thus, the Sixth Circuit described Plaintiff's likelihood of success on the merits as "not completely implausible" and expressly limited its decision by the procedural posture of the case.

The Sixth Circuit's Decision was filed in this Court on September 30, 2020 in ECF #38.  Defendants subsequently dismissed their appeal and the case was remanded back to this Court.  Since that time, and as is demonstrated by a simple review of the online docket in this matter, very little activity has taken place.  Counsel for Plaintiff now moves for an interim award of attorney fees on the sole basis of his obtaining the preliminary injunction, which, as described, above, was issued for the purpose of maintaining the status quo as this litigation proceeds.  Because obtaining the preliminary injunction under these circumstances does not make Plaintiff a prevailing party, Plaintiff's Motion for an award of interim fees should be denied.  Further, in the event this Court makes as award of fees, Plaintiff is not entitled to an award of interest on said fees or an upward adjustment of his fees.

**LAW AND ARGUMENT**

**I.     Plaintiff is not a prevailing party and is not entitled to any fees**

The Supreme Court has concluded that "Congress intended to permit the interim award of counsel fees only when a party has prevailed on the <u>merits</u> of at least some of his claims." *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980) (emphasis added). In considering a motion for interim attorney fees "the touchstone of the inquiry is the material alteration of the legal relationship of the parties." *Planned Parenthood Sw. Ohio Region v. DeWine*, 931 F.3d 530, 538 (6th Cir. 2019) (citing *Sole v. Wyner*, 551 U.S. 74, 82 (2007)). Further, in the context of a preliminary injunction, "when a claimant wins a preliminary injunction and nothing more, that usually will not suffice to obtain fees under § 1988." *McQueary v. Conway*, 614 F.3d 591, 604 (6th Cir. 2010). "With respect to a preliminary injunction, there is only <u>prevailing party status if the injunction represents an unambiguous indication of probable success on the merits, and not merely a maintenance of the status quo ordered because the balance of equities greatly favors the plaintiff</u>. Thus, injunctive relief of the 'procedural' variety, even if there is a finding of likelihood of success on the merits, cannot be the basis for interim attorney's fees." *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 753 (6th Cir. 2002) (quoting *Webster v. Sowders,* 846 F.2d 1032, 1036 (6th Cir.1988)).  (emphasis added).

Here, the preliminary injunction was a procedural order based on a finding that the balance of the equities favored Plaintiff.  This Court granted the preliminary injunction in order to preserve the status quo and permit Plaintiff to remain in Ohio, where he has always resided, while this litigation continues. As described above, the Court's rationale was not that Plaintiff has demonstrated a strong likelihood of success on the merits, but rather that the other preliminary injunction factors weigh heavily in Plaintiff's favor. The Court emphasized the impact that moving

Plaintiff to Florida would have, particularly where Plaintiff was enrolled in school in Ohio, did not have a strong relationship with his father, and travel to a COVID-19 "hotspot" posed additional risks of harm to Plaintiff. All of those considerations pertain to factors other than likelihood of success on the merits.

Moreover, the preliminary injunction was issued upon the balance of all four factors, three of which the Court found were clearly in favor of Plaintiff, while describing Plaintiff's likelihood of success so the merits as "sufficient" (in light of consideration of the other factors). This Court specifically concluded that Plaintiff has little likelihood of success on his First Amendment claim. Furthermore, while it declined to stay the injunction applying an abuse of discretion standard, the Sixth Circuit described Plaintiff's likelihood of success on the merits as "not completely implausible." Clearly, the preliminary injunction issued in this case is a far cry from an "unambiguous indication of probable success on the merits." *Webster v. Sowders*, 846 F.2d 1032, 1036 (6th Cir.1988). Rather, it was merely a procedural order to maintain the status quo while the parties continue this litigation, and therefore constitutes a procedural Order insufficient to make Plaintiff a "prevailing party" entitled to an award of interim fees.

As the Seventh Circuit described, "a procedural victory that may be a way station to utter substantive defeat creates no right to fees." *Richardson v. Penfold*, 900 F.2d 116, 119 (7th Cir. 1990). Here, Defendants vigorously maintain that they did not violate Plaintiff's constitutional rights in any way and continue in this litigation expecting nothing short success on the merits of all of Plaintiff's claims. The issuance of the preliminary injunction merely kept Plaintiff in Ohio, where he has always lived, while this case moves forward. As such, Plaintiff is not a prevailing party and Plaintiff's counsel is not entitled to an interim award of attorney fees. Accordingly, Plaintiff's Motion for an Interim Order of Attorney Fees should be denied.

**II.      An upward adjustment of any fees is inappropriate.**

As described, above, Plaintiff is not a prevailing party and is therefore counsel for Plaintiff is not entitled to any award of interim attorney fees. In the event that this Court concludes otherwise and Orders an interim award of fees, Defendants assert that Plaintiff's Counsel's fees are limited to his lodestar amount and that no upward adjustment of fees is justified in this case.

Plaintiff cites the Sixth circuit decision in *Grier v. Sundquist* for support for his request for an upward adjustment in fees. *Plaintiff's Motion*, ECF # 53, PAGEID 1414. However, as recognized in *Grier*, the Supreme Court has limited application of the *Johnson* factors, recognizing that "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Grier v. Sundquist*, 372 F.3d 784, 792 (6th Cir., 2004) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 n. 9 (1983)). Furthermore, the Supreme Court has stated that an upward adjustments of fees, while permissible, should be awarded in "rare" and "exceptional" cases. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 564 (1986).

Here, as an initial matter, despite Plaintiff's Counsel's assertions that this is a "complex" case, there is nothing about this case that is rare or exceptional. Plaintiff has asserted two § 1983 claims, one of which is likely faulty on its face, on facts that Plaintiff concedes are largely not disputed. That leaves a single Procedural Due Process Claim in dispute, hardly a complex or rare case. Furthermore, Plaintiff's counsel lists four reasons that he is entitled to an upward adjustment: 1) he has faced a resource disadvantage relative to Defense Counsel, 2) taking this case has precluded him from taking other cases, 3) the case was "undesirable," and 4) Plaintiff's counsel has "obtained an excellent result." *Plaintiff' Motion*, ECF # 53, PAGEID 1414-1415.

As for the resource disadvantage, that is not among the *Johnson* factors and Plaintiff cites to no support that litigating against a governmental entity should entitle a plaintiff's attorney to an upward adjustment in fees. Indeed, a great majority of § 1983 actions are brought against governmental agencies. This basis is without merit.

As to his second basis, Plaintiff's claim that he has been precluded from obtaining other representation is wholly unfounded. While there was some work done at the beginning of the case, even then the workload was not abnormally burdensome, and since the issuance of the preliminary injunction there has been very little activity in this case and very little demand on Plaintiff's counsel's time. There have been no other motions filed or responded to and minimal discovery completed. The workload required in this case has been less than a typical § 1983 case in undersigned counsel's experience. Certainly it has not been such that Plaintiff's counsel had to turn away other work to complete.

Plaintiff also asserts that this case was "undesirable" because it does not include lost wages or significant physical or medical damages. However, the provision for the award of attorneys fees in a § 1983 action itself is designed to, and does, make these cases desirable without any such specific damages, and Plaintiff provides no other support for concluding that the case is undesirable.

Finally, Plaintiff's Counsel asserts that he has obtained an "outstanding result," which is specifically among the factors which fold directly into the typical lodestar calculation, and furthermore, the "outstanding result" is obtaining a preliminary injunction to maintain the status quo with the ultimate outcome of the litigation still very much in the air. Contrast that to *Grier*, a civil rights action spanning 36 years and successfully resulting in the desegregation of the Tennessee higher education system.

The Supreme Court has significantly limited the application of the *Johnson* factors to support an upward adjustment of fees, and endorses such an adjustment only in "exceptional" or "rare" cases. This case is neither rare nor exceptional, and in addition, none of the reasons Plaintiff's Counsel gives for an adjustment has any merit. Thus, even if this Court finds that Plaintiff is a prevailing party and entitled to an interim award of fees, Plaintiff's Counsel is not entitled to an upward adjustment in those fees.

### III. The application of interest to any fees in inappropriate.

As described, above, Plaintiff is not a prevailing party and therefore counsel for Plaintiff is not entitled to an award of interim attorney fees. In the event that this Court concludes otherwise and Orders an interim award of fees, Defendants assert that Plaintiff's Counsel's fees are limited to his lodestar amount and that no interest should be added to those fees.

In support of his claims for the application of interest to his fees, Plaintiff claims that he should receive interest on his fees due to the time lag in this case, and cites cases in which interest was awarded to parties who were undisputedly "prevailing parties" and where there was a delay in fees for a period of years. Here, Plaintiff's Counsel requests fees for obtaining a procedural Order to maintain the status quo, and asks for interest after just a few months of litigation. This case was filed in August, 2020, less than eight months ago. That short amount of time does not support application of interest, and such request is further undercut by the flimsy basis upon which Plaintiff claims to the a "prevailing party" to begin with. Moreover, if this Court is inclined to award fees and to add interest, the rate of interest applied should be more reflective of the prevailing rate in the country, not the requested 5%. While Defendants' Counsel are no economists, we do note that the federal reserve interest rate during these past 7 months has been around 0.1%. Board of Governors of the Federal Reserve System (US), *Effective Federal Funds*

9

*Rate [FEDFUNDS], retrieved from FRED*, Federal Reserve Bank of St. Louis; https://fred.stlouisfed.org/series/FEDFUNDS (March 23, 2021). There is no justification to increase the fee award by 5%, if the Court determines fees should be awarded.

## CONCLUSION

Because Plaintiff is not a prevailing party, Defendants respectfully request this Court to deny Plaintiff's motion for an interim award of fees.

Respectfully Submitted,

**G. GARY TYACK**
**PROSECUTING ATTORNEY**
**FRANKLIN COUNTY, OHIO**

/s/*Jesse W. Armstrong*
Jesse W. Armstrong (0089029)
Trial Attorney
Assistant Prosecuting Attorney
Amy L. Hiers (0065028)
Deputy Chief Counsel and Director of Litigation
Civil Division
373 S. High Street, 13th Floor
Columbus, OH 43215
Phone: 614.525.3520/ Fax: 614.525.6012
jarmstrong@franklincountyohio.gov
ahiers@frankincountyohio.gov
Counsel for Defendants

**Certificate of Service**

I hereby certify that on April 1, 2021, I filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all counsel for parties of record.

Respectfully submitted,

/s/*Jesse W. Armstrong*
Jesse W. Armstrong (0089029)